. (No. 3810—

CHICAGO COLD STORAGE WAREHOUSE CO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

ROBERT W. MORE, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court: ·

The Chicago Cold Storage Warehouse Company, claimant herein, seeks a refund in the sum of $689.19 representing a franchise tax paid by said claimant to the Secretary of State.

The facts, about which there is no dispute, show that the claimant on February 6, 1903, was incorporated in the State of Illinois to carry on a cold storage and general warehouse business in this State. On May 15, 1943, the claimant received a statement from the Secretary of State in pursuance to his duties as provided in the Business Corporation Act demanding a franchise tax from the claimant in the sum of $689.19 based upon a paid-in surplus of $1,378,373.54 for its tax from July 1, 1943, to June 30, 1944. On the 19th day of May the claimant, by its assistant treasurer, remitted to the Secretary of State said tax. On the 24th day of May the claimant, held a meeting of the Board of Directors of the corporation at which a resolution was presented and adopted authorizing the officers of said corporation to dissolve, and pursuant to said resolution claimant was legally dissolved by the Secretary of State of Illinois on the 3rd day of June, 1943. On the 18th day of August, 1943, the claimant made demand upon the Secretary of State for a refund of the aforesaid franchise tax due to the fact that it had dissolved and surrendered its charter, which demand was refused by said secretary in

a letter dated August 20, 1943, giving as a reason the fact that payment had already been made by his office to the Illinois State Treasurer. Upon receipt of this letter the complaint in this case was filed in this court on the 25th day of September, 1943, seeking a refund as aforesaid.

The question involved in this claim has been passed upon by this court in *Russell Johnson, Assignee of. the Bud's Shoe Store, Inc.* vs. *State,* 12 C. C. R. 157. The facts in that case show that this corporation paid a franchise tax, without any compulsion or duress to the Secretary of State on May 23, 1940, although same was not due until July 1, 1940, as in this case. On June 29, 1940, before the commencement of the period for which said tax was paid, the corporation voluntarily surrendered its charter and was issued a certificate of dissolution. It sought a refund based on the belief that the franchise tax paid to the State on May 23, 1940, was due from it to the respondent for the preceding year instead of the year commencing after date of payment. We held that this was a mistake of law, as a payor must be held to have full knowledge of the law providing for the assessment of said tax and we further held that where a franchise tax is paid voluntarily, under mistake of law, there is no legal basis for an award for a refund thereof and none can be made on the grounds of equity and good conscience.

To the same effect is the ruling in *Orchard Theatre Corporation* vs. *State,* 11 C. C. R. 271.

These cases are controlling here.

The Attorney General, representing the respondent, has filed a motion to dismiss this complaint. The motion must be sustained, and the claim is therefore dismissed.